IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DAWN M. DESROSIERS<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN C. GANAWAY, *et al.*,<br><br>    Defendants. | Civil Action No. 8:10-CV-00687-AW |

**MEMORANDUM OPINION**

The United States of America moves this Court for an order substituting the United States as a Defendant for Stephanie Brown pursuant to 28 U.S.C. § 2679. (Doc. No. 13). The Court will **GRANT** this motion. Pending before the Court is the United States Motion to Dismiss for Lack of Subject Matter Jurisdiction, or alternatively, a Motion for Summary Judgment for claims against the United States. The Court has reviewed the motion and all supporting documents and finds no hearing is necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons articulated below, Defendant's Motion is **GRANTED**.

I.   **FACTUAL & PROCEDURAL BACKGROUND**

On or around August 29, 2009, Dawn Desrosiers parked her car at work and alleges that Brian C. Gassaway, a mail carrier, hit her car. Plaintiff filed suit against Postmaster Stephanie Brown for premises liability because, as Postmaster, her jurisdiction extended over the premises where the accident occurred.

1

Plaintiff filed her suit in the District Court of Maryland for St. Mary's County against Brown. The United States Attorney for the District of Maryland certified that Brown was acting in the scope of her employment as Postmaster. As such, the United States removed this action to the District Court under 28 U.S.C. § 2679 and has filed a motion to substitute itself as a defendant in place of Brown. (Doc. No. 13). Defendant, United States, has brought a Motion to Dismiss or alternatively, a Motion for Summary Judgment. *Id.* This Court will treat this motion as a Motion to Dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The party asserting jurisdiction carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to assert facts upon which jurisdiction may be based. *See Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003), aff'd 85 Fed. Appx. 960 (4th Cir. 2004).

### III. ANALYSIS

Plaintiff brings this claim of premises liability under the Federal Tort Claims Act ("FTCA"). The FTCA bars actions in federal court until a claimant has exhausted administrative remedies. *See McNeil v. United States*, 508 U.S. 106 (1993). Thus, an administrative claim is a jurisdictional prerequisite and cannot be waived. *See Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986). If a plaintiff files suit under the FTCA without bringing a prior administrative claim, the subsequently-filed action must be dismissed under Rule 12(b)(1) for a failure to exhaust administrative remedies. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1990); *see also Jones v. Burke*, Civil No. JFM-05-2358, 2006 WL 1892272, at *1 (D. Md. June 21, 2006) (dismissing claim pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies as required by 28 U.S.C. § 2675).

In the instant case, Plaintiff claims that Ms. Brown should be liable for damages that occurred to her car.[1] The United States has properly substituted itself in place of Ms. Brown pursuant to 28 U.S.C. § 2679(d). As such, the FTCA represents the exclusive remedy for this tort claim pursuant to 28 U.S.C. § 2679(b) (1). Under 28 U.S.C. § 2675(a), a judicial requisite for jurisdiction is Plaintiff's filing of an administrative claim with the proper agency. In their Motion to Dismiss, Defendants allege that Plaintiff has failed to satisfy this administrative pre-requisite. Plaintiff has not responded to this motion in an opposition brief. Because Plaintiff has failed to file an administrative claim, Plaintiff's tort claims will be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.

---

[1] As the Court is substituting the United States as a party in this case, the Court will treat this claim as against the United States and not Brown.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Dismissal for Lack of Jurisdiction is **GRANTED**. A separate Order will follow.

|  |  |
|---|---|
| November 9th, 2010 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |